# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Denise R. | Case No. 2:24-cv-00893-BNW |
| Plaintiff, | |
| v. | **ORDER** |
| Martin O'Malley, Commissioner of Social Security, | |
| Defendant. | |

This case involves review of an administrative action by the Commissioner of Social Security denying Denise R.'s[1] application for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Securities Act. The Court reviewed Plaintiff's Brief (ECF No. 13) and the Commissioner's Brief (ECF No. 15). For the reasons discussed below, the Court grants Plaintiff's motion and remands the case for further proceedings.

## I.    BACKGROUND

On July 13, 2017, Plaintiff filed for disability insurance benefits under Title II of the Social Security Act as well as supplemental security income under Title XVI, alleging an onset date of January 1, 2015. ECF No. 10-2 at 659.[2] Plaintiff's claim was denied initially and upon reconsideration. ECF No. 13 at 3:5–7. A hearing was held before Administrative Law Judge ("ALJ") Norman Bennet who concluded that Plaintiff was not disabled. *Id*. at 3:9–11. Plaintiff appealed that decision to the Appeals Council which denied the request on November 13, 2020. *Id*. at 3:15–16. Plaintiff then commenced a civil action for judicial review under 42 U.S.C. § 405(g). *Id*. at 3:17-18.

---

[1] In the interest of privacy, this opinion only uses the first name and last initial of the nongovernmental party.

[2] ECF No. 10-2 refers to the Administrative Record in this matter which was electronically filed. All citations to the Administrative Record will use the CM/ECF page numbers.

1    Plaintiff's case was remanded for further proceedings before ALJ Kathleen Kadlec. ECF

2    10-2 at 659. The ALJ held a telephonic hearing on May 18, 2023. *Id*. ALJ Kadlec found Plaintiff

3    was not disabled on September 11, 2023. *Id*. at 679. The Appeals Council denied her request for

4    review on March 29, 2024. ECF 13 at 3: 25–26. Plaintiff commenced this action for judicial

5    review under 42 U.S.C. § 405(g) on May 13, 2024. *See* ECF No. 1.

6    **II.    STANDARD OF REVIEW**

7    Administrative decisions in Social Security disability-benefits cases are reviewed under

8    42 U.S.C. § 405(g). *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g)

9    provides that "[a]ny individual, after any final decision of the Commissioner of Social Security

10   made after a hearing to which [s]he was a party, irrespective of the amount in controversy, may

11   obtain a review of such decision by a civil action. . . brought in the district court of the United

12   States for the judicial district in which the plaintiff resides." 42 U.S.C. § 405(g). The Court may

13   enter "upon the pleadings and transcripts of the record, a judgment affirming, modifying, or

14   reversing the decision of the Commissioner of Social Security, with or without remanding the

15   cause for a rehearing." *Id*.

16   The Commissioner's findings of fact are conclusive if supported by substantial evidence.

17   *See id*.; *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the Commissioner's

18   findings may be set aside if they are based on legal error or not supported by substantial evidence.

19   *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *Thomas v. Barnhart*,

20   278 F.3d 947, 954 (9th Cir. 2002). The Ninth Circuit defines substantial evidence as "more than a

21   mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind

22   might accept as adequate to support a conclusion." *Andrews*, 53 F.3d at 1039; *see also Bayliss v.*

23   *Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005).

24   When determining whether the Commissioner's decision is supported by substantial

25   evidence, courts must "review the administrative record as a whole, weighing both the evidence

26   that supports and that which detracts from the ALJ's conclusion." *Andrews*, 53 F.3d at 1039.

27   However, the court is not tasked with reweighing the evidence. *Mata v. Kijakazi*, No. 22-35482,

28   2023 WL 3836421, at *2 (9th Cir. June 6, 2023). "Where evidence is susceptible to more than

one rational interpretation, the ALJ's decision should be upheld." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008) (internal quotations omitted). Thus, the issue before the Court is not whether the Commissioner could have reasonably reached a different conclusion, but whether the final decision is supported by substantial evidence. *See Burch v. Barnhart,* 400 F.3d 676, 679 (9th Cir. 2005).

Furthermore, "It is incumbent on the ALJ to make specific findings so that the Court does not speculate as to the basis of the findings when determining if the Commissioner's decision is supported by substantial evidence. *Lewin v. Schweiker*, 654 F.2d 631, 634 (9th Cir. 1981). Mere cursory findings of fact without explicit statements as to what portions of the evidence were accepted or rejected are not sufficient. *Id*. The ALJ's findings "should be as comprehensive and analytical as feasible, and where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based." *Id*.

**A.  Disability evaluation process and the ALJ decision**

The individual seeking disability benefits has the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected. . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The individual also must provide "specific medical evidence" in support of her claim for disability. 20 C.F.R. § 404.1514. If the individual establishes an inability to perform past work, the burden shifts to the Secretary to show other substantial gainful work that exists in the national economy which the individual can perform. *Reddick v. Chater,* 157 F. 3d 715, 721 (9th Cir. 1998).

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *See* 20 C.F.R. § 404.1520(a); *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If at any step the ALJ determines that she can make a finding of disability or non-disability, a determination will be made, and no further evaluation is required. *See* 20 C.F.R. § 404.1520(a)(4); *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003).

Step one requires the ALJ to determine whether the individual is engaged in substantial gainful activity ("SGA"). 20 C.F.R. § 404.1520(a)(4)(i). If the individual is engaged in SGA, the ALJ will make a finding of non-disability. If the individual is not engaged in SGA, then the analysis proceeds to step two.

Step two addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits her from performing basic work activities. *Id.* § 404.1520(a)(4)(ii). If the individual does not have a severe medically determinable impairment or combination of impairments, then the ALJ makes a finding of non-disability. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to step three.

Step three requires the ALJ to determine whether the individual's impairments or combination of impairments meets or medically equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* § 404.1520(a)(4)(iii). If the individual's impairment or combination of impairments meets or equals the criteria of a listing and the duration requirement, then the ALJ makes a finding of disability. *Id.* § 404.1520(d). Otherwise, the analysis proceeds to step four.

However, before moving to step four, the ALJ must first determine the individual's residual functional capacity ("RFC"), which is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. *See* 20 C.F.R. § 404.1560; *see also* SSR 96-8p. In making this finding, the ALJ must consider all the relevant evidence, such as all symptoms and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 404.1545. To the extent that statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence the ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record.

Step four requires the ALJ to determine whether the individual has the RFC to perform her past work ("PRW"). 20 C.F.R. § 404.1520(a)(4)(iv). PRW means work performed either as

the individual actually performed it or as it is generally performed in the national economy within the last 15 years. The work also must have lasted long enough for the individual to learn the job and to have performed an SGA. If the individual has the RFC to perform her past work, then the ALJ makes a finding of non-disability. If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to step five.

The fifth and final step requires the ALJ to determine whether the individual can do any other work considering her RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If she can do other work, then the ALJ makes a finding of non-disability. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is responsible for providing evidence demonstrating that other work exists in significant numbers in the economy that the individual can do. *Yuckert*, 482 U.S. at 141–42.

Here, the ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. § 404.1520(a).

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since January 1, 2015, the alleged onset date. ECF No. 10-2 at 661.

At step two, the ALJ concluded that Plaintiff had the following severe impairments: depression; anxiety, COPD, obesity, contracture of the 4th digit right hand, tremors, cerebral vascular accident (CVA)/hemianopia, and degenerative disc disease of the lumbar spine. *Id.* at 661–62.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* at 663.

Before moving to step four, the ALJ concluded that Plaintiff had the RFC to perform light work but with the following limitations:

> The claimant can lift and carry 20 pounds occasionally and 10 pounds frequently; stand and/or walk for 6 hours in an 8-hour workday;1 push and/or pull as much as she can lift and/or carry; frequently operate hand controls with the right and left hands; frequently operate foot controls with the left foot; frequently handle and finger with the right and left

hands; frequently reach overhead and in all other directions to the left; occasionally climb ramps and stairs; never climb ladders, ropes, or scaffolds; and occasionally stoop, kneel, crouch or crawl. In addition, the claimant is able to avoid ordinary hazards in the workplace; but can never work at unprotected heights or around moving mechanical parts. She can never operate a motor vehicle. She can work occasionally in humidity, wetness, dust, odors, fumes, and pulmonary irritants. She can occasionally work in concentrated exposure to extreme cold or extreme heat, and in vibration. In addition, the claimant can understand, remember and carryout detailed but not complex tasks; frequently interact with supervisors; and occasionally interact with coworkers and the public.

*Id.* at 665–66.

At step four, the ALJ found that Plaintiff could perform her PRW as a teleworker and receptionist. *Id.* at 677.

At step five, the ALJ found that Plaintiff has not been under a disability from January 1, 2015, to the date of the decision. *Id.* at 679.

## III.    ANALYSIS

### a.    The ALJ's RFC determination is supported by substantial evidence.

Plaintiff argues the ALJ has not shown that Plaintiff's RFC determination is supported by substantial evidence. ECF No. 13 at 11:6–8. Plaintiff further asserts the ALJ has failed to properly evaluate the medical evidence is assessing her RFC by not considering the evaluations of several doctors since February 2018 that have limited Plaintiff to standing or walking no more than 2 hours. ECF No. 13 at 10:22–11:8. The Commissioner's brief asserts that the ALJ considered these opinions but found them unsupported and/or inconsistent with the record. ECF No. 15 at 4:11–13.

When determining the persuasiveness of a medical source's medical opinion the "factors of supportability . . . and consistency . . . are the most important factors." 20 C.F.R. § 416.920c(b)(2). An ALJ must "explain how [they] considered the supportability and consistency factors" in reaching their findings. *Id.* § 404.1520c(b)(2). Supportability means the extent to which a medical source supports the medical opinion by explaining the "relevant. . . objective medical evidence." *Id.* § 404.1520c(c)(1). Consistency means the extent to which a medical opinion is "consistent. . . with the evidence from other medical sources and nonmedical sources in the claim." *Id.* § 404.1520c(c)(2).

Here, the ALJ has properly evaluated the supportability and consistency of each medical source, and substantial evidence supports the ALJ's determination that Plaintiff could not stand or walk more than 6 hours. ECF No. 10-2 at 673; *see* 20 C.F.R. § 416.920c(b)(2); *Andrews*, 53 F.3d at 1039; *Lewin*, 654 F.2d at 634.

In February 2018, Dr. Stark concluded Plaintiff could not stand or walk more than 2 hours. ECF No. 10-2 at 674. The ALJ determined that Dr. Stark's opinion is not persuasive because it is not supported by the record nor consistent with it. *Id*. The ALJ elaborated by stating the opinion was dated at a time when Plaintiff received no active treatment and before Plaintiff's significant strokes occurred. *Id*. Although Plaintiff raises an assertion in a footnote that Stark was an accepted medical source, Plaintiff makes no argument challenging the ALJ's finding that Stark was not persuasive. *See* ECF No. 13 at 7 n.1.

In June 2023, Dr. Gutglueck determined Plaintiff could not walk or stand more than 2 hours. ECF No. 10-2 at 675. The ALJ determined this opinion was not supported by or consistent with the record. *Id*. The ALJ elaborated that the doctor's opinion is not supported with references to the record or testing, and the doctor had not examined the patient since 2020. *Id*. Plaintiff does not challenge the finding that Gutglueck was not persuasive. *See* ECF No. 13.

In February and September of 2018, Dr. Nickles and Dr. Arnow determined Plaintiff could not walk or stand for more than 2 hours in their Title XVI evaluation. ECF 10-2 at 676. The ALJ found the opinions were supported by the record but not consistent with it. *Id*. The ALJ pointed out several inconsistencies with the record such as Plaintiff's full range of motion, only slightly decreased strength in her left lower extremity in several medical evaluations, lack of physical therapy treatments, and no use of assistive walking devices. *Id*. Plaintiff does not challenge the finding that these opinions were not persuasive. *See* ECF No. 13.

In February and September of 2018, Dr. Nickles and Dr. Arnow determined Plaintiff could not walk or stand for more than 6 hours in their Title II evaluation. ECF No. 10-2 at 675. The ALJ found this supported by and consistent with the record. *Id*. The ALJ stated the opinions were supported by Plaintiff's daily activities and consultative exam in February 2018. *Id*. Plaintiff does not challenge the finding that these opinions were persuasive. *See* ECF No. 13.

1      The ALJ properly evaluated each medical source's persuasiveness. *See* 20 C.F.R.

2   § 416.920c(b)(2). Furthermore, the ALJ made explicit statements demonstrating what evidence

3   they relied on and addressed any evidence detracting from that conclusion by declaring whether it

4   was persuasive. ECF No. 10-2 at 672–76; *See Lewin*, 654 F.2d at 634. Plaintiff does not argue

5   that the ALJ erred in finding the opinions not persuasive. Because the persuasive medical

6   opinions found that Plaintiff could not walk or stand for more than 6—rather than 2—hours, the

7   ALJ's RFC determination is supported by substantial evidence. *See Andrews*, 53 F.3d at 1039.

8         **b.  The ALJ failed to provide specific, clear, and convincing reasons for discounting
            Plaintiff's subjective testimony in the RFC determination.**
9

10      The parties dispute whether the ALJ provided specific, clear, and convincing reasons in

11   discounting Plaintiff's subjective symptom testimony, particularly regarding her ability to stand

12   for prolonged periods of time and her vision. *Compare* ECF No. 13 at 12:6–9 with ECF No. 15.

13   Furthermore, Plaintiff argues that the ALJ did not address a medical opinion diagnosing Plaintiff

14   with hemianopsia in her right eye. ECF No. 13 at 11:9–11. The ALJ does, however, address the

15   hemianopsia and Plaintiff's symptom and limitation testimony relating to her right eye. ECF

16   No. 10-2 at 669. The Court discusses this evaluation below.

17      To determine when a claimant's testimony regarding subjective pain or symptoms is

18   credible, the ALJ engages in a two-step analysis. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir.

19   2009). "First, the ALJ must determine whether the claimant has presented objective medical

20   evidence of an underlying impairment which could reasonably be expected to produce the pain or

21   other symptoms alleged." *Id*. The claimant need only show that the impairment could reasonably

22   have caused some degree of the alleged symptom. *Id*.

23      Second, if step one is met and there is no evidence of malingering, "the ALJ can reject the

24   claimant's testimony about the severity of their symptoms only by offering specific, clear, and

25   convincing reasons for doing so." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007)

26   (internal citations omitted). Furthermore, general findings are insufficient; rather, the ALJ must

27   identify what symptom claims are being discounted and what evidence undermines these claims.

28

*Id*. at 497; *see also Thomas v. Barnhart,* 278 F.3d 947, 958 (9th Cir. 2002) (requiring the ALJ to sufficiently explain why they discounted the claimant's symptom claims).

"The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)). That said, if the ALJ's credibility finding is supported by substantial evidence in the record, the Court may not engage in second-guessing. *Thomas*, 278 F.3d at 959.

Here, the ALJ found that plaintiff's medically determinable impairments could be reasonably expected to cause the alleged symptoms. ECF No. 10-2 at 667. However, the ALJ found the "claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." *Id*. For the reasons discussed below, the Court holds the ALJ does not provide clear, convincing, and specific reasons to discredit Plaintiff's testimony.

### *i. Objective Medical Evidence*

The ALJ discredited Plaintiff's symptom and limitation testimony because it was not supported by objective medical evidence. *Id*. Plaintiff testified she has difficulty walking, has recently started physical therapy, can spend 10 minutes on her feet, is almost blind in her right eye, and has blurry vision. *Id*. at 666. The ALJ stated that Plaintiff did not follow up for treatments for her strokes, did not follow up on referrals for physical therapy, did not use an assistive walking device, and did not report vision issues consistently. *Id*. at 672–73. In regard to vision the ALJ stated, "there is no objective indication of significant, ongoing issues." *Id*. at 672.

"An ALJ cannot insist on clear medical evidence to support each part of a claimant's subjective pain testimony when there is no objective testimony evincing otherwise." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022). In other words, when weighing a claimant's subjective symptom testimony against objective medical evidence, an ALJ cannot render a claimant's testimony superfluous by demanding that objective medical evidence fully corroborate every allegation. *Id*. at 495. But when objective medical evidence is inconsistent with a claimant's symptom testimony, the ALJ may weigh it as undercutting such testimony. *Id*. at 498.

Further, an ALJ cannot make a general credibility determination without providing reviewable reasons why they found the Plaintiff's testimony uncredible. *Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015). Such error is not harmless as it is consequential to the ultimate non-disability determination. *Id.*

Here, the ALJ improperly made several statements akin to requiring the objective evidence to corroborate Plaintiff's testimony. *See Smartt*, 53 F.4th at 499; ECF No. 10-2 at 672–73. The ALJ generally concluded that the medical evidence does not support Plaintiff's claims and does not elaborate on why this evidence is contradictory. *See Brown-Hunter*, 806 F.3d at 494; ECF No. 10-2 at 672–73. While the ALJ noted that several medical exams showed intact strength in Plaintiff's lower extremities, the ALJ did not explain which parts of Plaintiff's testimony are inconsistent and how the evidence undermines her testimony. *See* ECF No. 10-2 at 672–73; *see Smartt*, 53 F.4th at 499.

Similarly, the ALJ did not identify any evidence undercutting Plaintiff's vision testimony. ECF No. 10-2 at 672. The ALJ merely summarized Plaintiff's testimony early in the opinion, summarized the objective evidence, and stated that Plaintiff's testimony is not supported. ECF No. 10-2 at 666–73. The Court cannot fill in the gaps or speculate to an ALJ's reasoning. *Lewin*, 654 F.2d at 634.

The ALJ's opinion does not meet the demanding standard to describe specific, clear, and convincing reasons for rejecting Plaintiff's testimony. *See Garrison*, 759 F.3d at 1015. This error was not harmless as the ALJ did not provide enough reasoning for the Court to meaningfully review. *See Brown-Hunter*, 806 F.3d at 494. Moreover, another ALJ crediting Plaintiff's symptom testimony could have reached a different disability determination, likewise rendering the error not harmless. *Stout*, 454 F.3d at 1055–56.

### ii. *Noncompliance with Treatment*

Plaintiff further alleges the ALJ improperly relied on Plaintiff's noncompliance for treatment via physical therapy to discredit her testimony. ECF No. 13 at 14:1–6. The ALJ concluded that the lack of ongoing physical therapy strongly suggests that physical therapy was not warranted after Plaintiff's strokes. ECF No. 10-2 at 672.

An unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment may be considered when evaluating the claimant's subjective symptoms. *Orn v. Astrue*, 495 F.3d 625, 638 (9th Cir. 2007). Additionally, evidence of a claimant's self-limitation and lack of motivation to seek treatment are appropriate considerations in determining the credibility of a claimant's subjective symptom reports. *Osenbrock v. Apfel*, 240 F.3d 1157, 1165–66 (9th Cir. 2001).

Though noncompliance with treatment can be an appropriate consideration, the ALJ did not specify which of Plaintiff's claims are undermined by this evidence. *Smartt v. Kijakazi*, 53 F.4th at 497. For example, the ALJ did not reference details of Plaintiff's testimony except for in a general summary earlier in the opinion. ECF No. 10-2 at 666. It is unclear to the Court whether the ALJ found the noncompliance supposedly contradicted all of Plaintiff's subjective testimony about her ability to stand or simply specific statements—such as testimony that Plaintiff started physical therapy three times a week or could only stand for 10 minutes at a time. *See id*. Furthermore, it is uncertain what testimony the ALJ found was discredited by noncompliance versus the lack of corroborative objective evidence. *See id*. at 672–73. The Court cannot fill in the gaps or speculate as to an ALJ's reasoning. *Lewin*, 654 F.2d at 634. In turn, the court cannot find that the ALJ provided specific, clear, and convincing reasons to discredit Plaintiff's testimony. *See Brown-Hunter*, 806 F.3d at 494. This is not a harmless error. *Id*.

## IV.    CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's request to remand for further proceedings is **GRANTED** consistent with this Order.

**IT IS FURTHER ORDERED** that on remand, the ALJ consider Plaintiff's subjective symptom testimony and the degree to which the objective evidence undermines or is inconsistent with particular testimony.

/ / /

/ / /

1       **IT IS FURTHER ORDERED** that the Clerk of Court is directed to enter judgment in

2 favor of Plaintiff and close this case.

3

4       DATED: 4/22/2025

5

6

7                                   BRENDA WEKSLER
                                  UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28